FRANK L. KENNY and Another, Plaintiffs, *v.* THE DE-
PARTMENT OF HEALTH OF THE CITY OF NEW YORK,
Defendant.

(Supreme Court, Kings Special Term, March, 1920.)

Constitutional law — regulation 17 of department of health of the
city of New York as amended in 1919 — injunctions.

> Regulation 17 of the department of health of the city of New
> York, which, as amended in 1919, requires manure taken from
> stables in the city to be transported to dumps operated under
> licenses from said department or to farms in the unimproved
> portions of the city, is constitutional, and the complaint in an
> action to restrain the enforcement of said regulation will be
> dismissed upon the merits and an injunction granted *pendente*
> *lite* vacated but without costs.

ACTION for an injunction.

George H. Taylor, Jr., for plaintiffs.

William P. Burr, corporation counsel (William B.
Carswell and John B. Shanahan, assistants corpora-
tion counsel), for defendant.

BENEDICT, J.   This action is brought for an in-
junction to restrain the enforcement of regulation 17
of the department of health, requiring manure taken
from stables in the city to be transported to dumps
operated under licenses from said department or to
farms in the unimproved portions of the city.   Prior
to February 25, 1919, the said regulation also per-
mitted manure to be transported to points outside the
city, but on that date it was amended so as to elim-
inate such provision.   The plaintiffs had theretofore
been accustomed to cart manure from stables in New
York to places in Jersey City, and they claim that the

regulation, as amended, forbidding them to continue that practice, is an infringement of their constitutional rights. An injunction *pendente lite* was granted upon their application and is now in force.

On its face the regulation seems to have no relation to the public health or welfare. It is, of course, competent for the city authorities to make such regulations relative to the transportation of manure in the city of New York as are proper and reasonable to secure its disposal in a sanitary manner; and, where its destination is within the city, to prescribe the places at which it may be delivered, so that it may be taken care of at dumps or places having proper facilities for handling it. But where the destination of manure is outside the city, the city has no concern with respect to the places at which it is dumped, and it is difficult to see, from the face of the regulation itself, in what manner requiring it to be delivered at points within the city would tend to protect public health.

It is made to appear by evidence, however, that the regulation in question as amended will facilitate the enforcement of another regulation, namely, that which requires manure to be removed from each stable twice a week. There was testimony on behalf of the defendant to the effect that the inspectors at the dumps can determine from the condition of the manure when delivered, whether or not it has been removed within the prescribed time. This testimony was not contradicted. If manure should be drawn to points outside the city, the only way to detect violations of the provision relative to the semi-weekly removal would be to have inspectors make rounds of all the stables not sending their manure to dumps within the city. This would considerably increase the difficulty and expense of enforcing the regulation, which is clearly

a proper one, especially for the reason that to allow it to lie longer than half a week promotes danger to the public health by increasing the number of disease or germ-carrying insects. In view of these facts, I think the regulation was reasonable, and should be held to be constitutional. The case of *City of Rochester* v. *Gutberlett,* 211 N. Y. 309, seems to go farther in supporting the constitutionality of regulations of this character than the court is required to go to sustain the regulation involved in the instant case.

Some doubt arises from the fact that the provision permitting the drawing of manure to farms in the unimproved parts of the city, under which the opportunities for inspection might be no better than under the provision for transporting it outside the city, was not also eliminated. I think, however, the fact that the board of health did not find it necessary to eliminate the provision for transporting manure to farms in the city, does not render the amendment eliminating the other provision invalid. Suitable and convenient arrangements can be made for inspection at the farms at the times when manure is being drawn to farms.

There is, I think, no merit in the contention that the amended regulation 17 unlawfully interferes with interstate commerce, since it is, as already pointed out, a health regulation. *Austin* v. *Tennessee,* 179 U. S. 343, 349. The case relied on by the plaintiffs in this connection (*Oklahoma* v. *Kansas Natural Gas Co.,* 221 U. S. 229), did not involve a law having relation to public health, nor to the public safety, but only to the handling of a commercial commodity.

Upon the entire case I have reached the conclusion, although not without some misgivings as to its correctness, that the ordinance as amended is not violative of any constitutional right of the plaintiffs. I

hold it to be the duty of the courts to sustain the constitutionality of legislative enactments, whether of state or city, unless the unconstitutionality be plainly apparent. In this case the question is not, as I view it, free from doubt and the city is entitled to the benefit of that doubt.

Judgment for defendant dismissing the complaint on the merits and vacating the injunction, without costs.

Judgment accordingly.